IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DION LEE MCBRIDE, | ) | |
|     Petitioner, | ) | Civil Action No. 13-054 |
| | ) | Civil Action No. 13-0496 |
| v. | ) | |
| | ) | United States Magistrate Judge |
| COMMONWEALTH OF PENNSYLVANIA, | ) | Cynthia Reed Eddy |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Because Dion Lee McBride has not exhausted his state court remedies and because this Court should abstain from interference in the pending criminal proceedings in the Court of Common Pleas of Allegheny County, it is respectfully recommended that his separate Petitions for Writ of Habeas Corpus be denied.

### II. REPORT

Petitioner is currently incarcerated in the Allegheny County Jail awaiting trial on numerous state charges[1] which were held for court following a preliminary hearing, and awaiting a final due process hearing on a detainer lodged against him by the Commonwealth of Pennsylvania Board of Probation and Parole for alleged violation of terms of probation from a previous brush with the law. His Petition at Civil Action No. 13-054 is primarily directed at the detainer and his claim that his probation was revoked and his liberty infringed because he has

---

[1] Petitioner is currently charged with the following offenses under the Pennsylvania Crimes Code: Count 1, Theft by Deception – False Impression; Count 2, Access Device Fraud; Count 3, Identify Theft; Count 4, Criminal Use of Communication Facility; Count 5, Unlawful Use of Computer – Access to Disrupt Function; Count 6, Computer Trespass – Remove Data; Count 7, Criminal Attempt – Theft by Deception – False Impression; Count 8, Dealing in Proceeds of Unlawful Activities; Count 9, Conspiracy – Identity Theft; Count 10, Aiding Consummation of Crime; Count 11, Person Not to Possess a Firearm; and Count 12, Willfully Attempt to Evade or Defeat Tax.

1

been denied a preliminary due process hearing, even though he was held for trial on the pending charges following a preliminary hearing. His Petition at Civil Action No. 13-0496 alleges mostly that he is being held in violation of his right to a speedy trial on the numerous pending charges. The Petitions are, however, overlapping and intertwined.

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). A state prisoner's petition for a writ of habeas corpus is properly brought under 28 U.S.C. § 2254 when he is in custody pursuant to the judgment of a state court. *See Coady v. Vaughn*, 251 F.3d 480, 484–86 (3d Cir. 2001). When an individual is in state custody for reasons other than a judgment of a state court, such as in pretrial detention, a petition for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241. *Moore*, 515 F.2d at 441–43; 1–5 R. Hertz & J. Liebman Federal Habeas Practice and Procedure § 5.3 n. 6 (Nov. 2011) (collecting cases).

Section 2254, the mechanism for prisoners to seek habeas relief from convictions in state court, provides that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Rule 4 of the Rules Governing Section 2254 Cases gives federal courts the authority as well as the obligation to screen habeas petitions from state court prisoners: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4

also applies to section 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases. *See, e.g., Assaan v. Dow*, 2011 WL 4594841, *2 (D.N.J. 2011); *Patton v. Fenton*, 491 F.Supp. 156, 158–59 (M.D.Pa. 1979) (Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Thus, habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts. *See, e.g., Mutope v. Pennsylvania Bd. of Prob. and Parole*, 2007 WL 846559, at *2 (M.D.Pa. 2007). Pursuant to Rule 4 preliminary review, a petition may be dismissed without requiring an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Gorko v. Holt*, 2005 WL 1138479, at *1 (M.D.Pa. 2005) (quoting *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970)). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989). Habeas Rule 4, accordingly, requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254; Rule 4.

Although "federal habeas corpus is substantially a post-conviction remedy," this Court still has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus. *See Moore*, 515 F.2d at 441 (no distinction between section 2254 and section 2241 "insofar as the exhaustion requirement is concerned"). However, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Id*. at 443; *see also Calihan v. Superior Court*, 158 Fed. App'x. 807 (9th Cir. 2005) (absent special

circumstances, "[p]rinciples of comity and federalism" require abstention from deciding pre-conviction habeas challenges); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law . . . as to claims brought under 28 U.S.C. § 2241.") (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973)), *cert. denied*, 480 U.S. 938 (1987). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). When presented with a petition seeking to litigate a defense to a criminal charge without satisfying the exhaustion requirement, courts must also consider whether petitioner is seeking to derail or abort the state court proceedings. *Braden*, 410 U.S. at 489-91. A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. §2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000)(citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

Additionally, in *Younger v. Harris*, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Port Auth. Police*

4

*Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't.*, 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under *Younger* is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Id*. Exceptions to *Younger* abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." *Id*., n.2.

It has also been noted that the habeas corpus remedy afforded to state inmates under section 2254 was not intended "to argue state law issues pre-trial in a federal forum." *Green v. Commonwealth of Pennsylvania*, 1993 WL 239311 *3 (E.D.Pa. 1993). It is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. *See Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965); *Coruzzi v. State of N.J.*, 705 F.2d 688, 690 (3d Cir. 1983). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

<u>Civil Action No. 13-054.</u>

This Petition avers that Mr. McBride has filed "numerous petitions" in the Court of Common Pleas and in the Pennsylvania appellate courts with regard to his challenge to detention on a probation violation without a preliminary due process hearing, and seeking release from pretrial confinement in accordance with Rule 600 of the Pennsylvania Rules of Criminal Procedure. Respondent Commonwealth of Pennsylvania has filed a Motion To Dismiss Petitioner's Petition For Writ Of Habeas Corpus (ECF No. 12), attaching 16 exhibits generated in petitioner's previous and current criminal proceedings. These records indicate that Petitioner's

5

challenges are currently being litigated in state court, and that he is now counseled in both cases. Petitioner has filed a Motion for Reconsideration of Petitioner's Petition for Writ of Habeas Corpus and Motion to Strike (ECF No. 16), which the Court deems to be a Response to the Motion to Dismiss.

This Court agrees with Respondent and recommends granting the Motion to Dismiss the Petition at Civil Action No. 13-054.

Petitioner is a pretrial detainee in the course of ongoing state criminal proceedings. Petitioner's trial date on the pending charges is scheduled for June 25, 2013. If convicted, Petitioner will be brought before the Court of Common Pleas to address Petitioner's revocation of probation in a final hearing before the same Judge of that Court.

Petitioner has adequate opportunity to raise, or resolve, his federal claims in state court proceedings. Petitioner's speedy trial claim (to the extent he raises a speedy trial challenge based on the United States Constitution, and not just on Pennsylvania Rule of Criminal Procedure 600) does not present an extraordinary circumstance because Petitioner will have an opportunity to raise this claim in a motion prior to trial, during trial, or in a post-conviction appeal; indeed, he has been filing myriad *pro se* motions and appeals in state courts to raise and preserve this issue, and counsel may now assist prosecution of such claims on behalf of Petitioner.

Similarly, Petitioner's issues concerning whether he was unlawfully detained without a preliminary revocation hearing can be raised and addressed (or resolved) at the final revocation hearing before his probation is finally revoked, which is to be scheduled after resolution of Petitioner's trial, and before the same Judge.

Petitioner has not even alleged, let alone demonstrated, any bad faith by the prosecution, any suggestion that the proceedings are intended to harass or persecute him, or that there exists

some other extraordinary circumstance that would irreparably harm his interests should deference (i.e., *Younger* abstention) be given to the state court to address his claims in due course.

Civil Action No. 13-0496.

This *pro se* Petition is labeled a "Writ of Habeas Corpus Speedy Trial Right Violation." (ECF No. 1) seeking Mr. McBride's release pending the outcome of trial on his pending criminal charges. In it, Petitioner complains, among other things, that he is being denied his right to a speedy trial under Pennsylvania Rule of Criminal Procedure 600, that he has been denied a preliminary revocation hearing, and that he has been denied "discovery." This Petition merely repackages the same claims made in the Petition at Civil Action No. 13-054, and for the reasons set forth above, it too should be dismissed, *sua sponte*.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Commonwealth's Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 12 at Civil Action No. 13-054) be GRANTED and the Petition for Writ of Habeas Corpus (ECF No. 4, 11 at Civil Action No. 13-054) be DISMISSED without prejudice. It is also respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 1 at Civil Action No. 13-0496) be DISMISSED without prejudice.

A Certificate Of Appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Here, the record fails to show a violation of Petitioner's constitutional rights. Accordingly, a Certificate of Appealability should be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) & (C), and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

/s Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: all ECF registered counsel

DION LEE MCBRIDE  
91690 3D  
Allegheny County Jail  
950 2nd Ave.  
Pittsburgh, PA 15219-3100